UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:25-cv-01346-MCS-RAO | Date May 20, 2025 |
| Title *Alexander v. Whitfield* | |

Present: The Honorable **Mark C. Scarsi, United States District Judge**

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: MOTION TO REMAND AND MOTION TO COMPEL ARBITRATION (ECF NOS. 15, 20) (JS-6)

Defendant Russell N. Bacon removed this action from Los Angeles County Superior Court on the basis of diversity jurisdiction. (Notice of Removal, ECF No. 1.) Plaintiffs Travis Alexander and Crux Wealth Advisors, LLC, filed a motion to remand. (Mot., ECF No. 15.) Defendants Garry D. Whitfield and Russell N. Bacon filed an opposition brief, (Opp'n, ECF No. 18), and Plaintiffs filed a reply, (Reply, ECF No. 22.) The Court deemed the motion appropriate for decision without oral argument. (Mins., ECF No. 25.) Having considered the parties' briefing, the Court remands the case.

## I. LEGAL STANDARD

Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). To invoke diversity jurisdiction, a party must demonstrate there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28

U.S.C. § 1332(a). There is a "strong presumption" against removal jurisdiction, and the removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

## II. DISCUSSION

In his Notice of Removal, Mr. Bacon invokes the Court's diversity jurisdiction. (Notice of Removal ¶¶ 3–9.) Mr. Bacon argued on information and belief that "plaintiff Travis Alexander . . . was, at the time the action was commenced in state court, and still is a resident and citizen of the State of Washington." (*Id.* ¶ 5.) In their motion to remand, Plaintiffs dispute this claim and aver that "Mr. Alexander is a citizen of California." (Mot. 6.) Mr. Alexander also submitted a declaration attesting that he is a citizen of California and maintains a residence in Long Beach, California. (Alexander Decl. ¶ 2, ECF No. 15.) In response, Defendants suggest that Mr. Alexander is a Washington resident because his alleged injury occurred when he resided in Washington; he owns real estate in Washington; he is registered to vote in Washington; and in another case that predates this one, Mr. Alexander did not dispute that he was a citizen of Washington. (Opp'n 2–3, 5; *see generally* Parseghian Decl., ECF No. 19.) Defendants alternatively request jurisdictional discovery. (Opp'n 7 n.2.)

In removal cases, diversity of citizenship must exist at the time of filing and removal. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). A natural person is a citizen of the state in which the person is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Domicile is a place a person "resides with the intention to remain or to which she intends to return." *Id.* Here, Defendant offers no argument or evidence that Mr. Alexander was a Washington state citizen on January 29, 2025, when Plaintiffs filed their complaint, or on February 18, 2025, when Mr. Bacon removed it. Defendants' proffered evidence only supports an inference that Mr. Alexander may have been a Washington citizen in the past but is not persuasive in establishing that Mr. Alexander was still a Washington citizen at the time the case was initiated or removed.

In contrast, Mr. Alexander submitted a sworn declaration that he is currently a citizen of California. In the Court's view, this is sufficient to establish his California citizenship, and Defendants have not met their burden in showing that Mr. Alexander is a Washington citizen. *See Bernal v. Comerica Bank*, No. CV 10-04631 MMM (FMOx), 2010 U.S. Dist. LEXIS 88688, at *9–10 (C.D. Cal. July 30, 2010) (stating

that a party can establish citizenship by submitting a sworn declaration); *see also Brown v. United Airlines, Inc.*, No. 19cv537-MMA (JLB), 2019 U.S. Dist. LEXIS 113854, at *6 (S.D. Cal. July 9, 2019) (considering a party's sworn testimony about its citizenship as dispositive). The Court also denies Defendants' request for jurisdictional discovery because Defendants have not provided the Court with any guidance as to what additional facts, aside from Plaintiff's own testimony that he is a California citizen, are necessary to determine Mr. Alexander's citizenship. *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (finding a district court has discretion in granting or denying jurisdictional discovery). Therefore, because Mr. Alexander and his wholly owned limited liability company, Crux Wealth Advisors, are citizens of California, and Mr. Whitfield too is a citizen of California, (*see* NOR ¶¶ 6–7 (alleging Mr. Whitfield's citizenship and Mr. Alexander's ownership of Crux)), complete diversity of citizenship does not exist among the parties, and this Court lacks jurisdiction.

### III. CONCLUSION

Plaintiffs' motion to remand is granted. Finding no other basis upon which to exercise jurisdiction, the Court determines that subject-matter jurisdiction is lacking. Therefore, the Court denies Defendants' motion to compel arbitration, (ECF No. 20), without prejudice to renewal before a court of competent jurisdiction. Pursuant to 28 U.S.C. § 1447(c), the Court remands the case to the Los Angeles County Superior Court, No. 25LBCV00222. The Court directs the Clerk to effect the remand immediately and close the case.

**IT IS SO ORDERED.**